09-3554-cr
*USA v. Cato*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28th day of September, two thousand and ten.

PRESENT: JON O. NEWMAN,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
              *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee,*

          -v.-                                    09-3554-cr

SAMUEL CATO, also known as Dr. Sosa

                    *Defendant-Appellant.*

_____

FOR APPELLANT:     RICHARD PALMA, New York, NY.

FOR APPELLEE:      COLLEEN E. KAVANAGH, (Susan Corkery, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY.

Appeal from the United States District Court for the Eastern District of New York (Townes, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Samuel Cato ("Appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Townes, *J.*), convicting him upon a guilty plea of conspiring to possess with intent to distribute cocaine base, 21 U.S.C. §§ 846, 841(b)(1)(A), and using a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A). Appellant was sentenced principally to a term of imprisonment of 168 months, followed by five years of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Appellant first challenges the substantive reasonableness of the sentence imposed. Specifically, Appellant contends that the district judge failed to

2

adequately consider his substantial cooperation efforts, along with his background and relatively slight criminal history, before imposing sentence. That argument is utterly meritless. The district court imposed a sentence close to two hundred months *below* the Guidelines range set forth in Appellant's pre-sentence report, based primarily on those very factors. In reviewing a sentence for substantive reasonableness, our Court "do[es] not consider what weight we would ourselves have given a particular factor," *United States v. Cavera*, 550 F.3d 180, 191 (2d Cir. 2008), *cert. denied*, 129 S. Ct. 2735 (2009), but simply asks "whether the District Judge abused [her] discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed. *Gall v. United States*, 552 U.S. 38, 56 (2007). Because we cannot say that the district court abused its discretion in concluding that a sentence of 160 months was "sufficient, but not greater than necessary," § 3553(a), the sentence it chose will not be disturbed.

Appellant also contends that his sentence is procedurally defective because the district court failed to file a written statement of reasons to support its non-Guidelines sentence, *see* 18 U.S.C. § 3553(c)(2), and that

the matter should be remanded to permit a supplementation of the written record. This argument is specious; the district court *did* file a written statement of reasons. Accordingly, no remand is warranted.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4